**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| John C. Carrington and Deborah T. Carrington, | ) ) ) | Civil Action No. 5:13-03422-JMC |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| Steven T. Mnuchin, IMB HoldCo, LLC, and OneWest Bank, FSB, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court pursuant to Plaintiffs John C. Carrington and Deborah T. Carrington's (collectively "Plaintiffs") FRCP Rule 60(b)(3) and (6) Motion for Relief (ECF No. 44) ("Motion for Rule 60 Relief") seeking relief from the court's Order (ECF No. 42) filed on August 27, 2014 (the "August Order"). In the August Order, the court dismissed the claims in Plaintiffs' Amended Complaint (ECF No. 16) for the following reasons: (1) against Defendant IMB HoldCo, LLC ("IMB"), for lack of personal jurisdiction, (2) against Defendant OneWest Bank, FSB ("OneWest"), for failure to state a claim, and (3) against Defendant Steven T. Mnuchin for failure to serve within 120 days as required by Fed. R. Civ. P. 4(m). (ECF No. 42 at 20.)

For the reasons set forth below, the court **DENIES** Plaintiffs' Motion for Rule 60 Relief.

## I.    RELEVANT BACKGROUND TO PENDING MOTION[1]

On December 6, 2013, Plaintiffs commenced this action alleging causes of action against Defendants for violation of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2601–2617, and state law claims for breach of contract and either fraud or breach of

---

[1] The August Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference. (See ECF No. 42 at 2–5.)

contract accompanied by a fraudulent act. (ECF No. 1.) On February 4, 2014, OneWest filed a Partial Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and IMB filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (6). (ECF Nos. 9, 10.) In response to the Motions to Dismiss relating to the Complaint, Plaintiffs filed an Amended Complaint on February 28, 2014. (ECF No. 16.) On March 27, 2014, IMB filed a Rule 12(b)(2) motion and a Rule 12(b)(6) motion and OneWest filed a Rule 12(b)(6) motion as to the Amended Complaint. (ECF Nos. 22, 23.) Plaintiffs did not file a response in opposition to the Motions to Dismiss the Amended Complaint.[2] Thereafter, on August 27, 2014, the court filed the August Order (ECF No. 42) and the Clerk of Court entered the Judgment of Dismissal (ECF No. 43) for Defendants.

On August 26, 2015, Plaintiffs filed the instant Motion for Rule 60 Relief, asserting that subsections 3 and 6 of Fed. R. Civ. P. 60(b) afford them relief from the August Order. (ECF No. 44.) Defendants filed a Memorandum of Law in Opposition to Plaintiffs' Rule 60(b) Motion for Relief (ECF No. 46) on September 14, 2015, to which Plaintiffs filed a Reply to Defendants' Opposition and a Request for Evidentiary Hearing (ECF No. 47) on September 24, 2015.

## II.     LEGAL STANDARD

Fed. R. Civ. P. 60(b) allows the court to relieve "a party . . . from a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b); see also United States v. Winestock, 340 F.3d 200, 203–4 (4th Cir. 2003). Rule 60(b) "does not authorize a motion merely for reconsideration

---

[2] Plaintiffs' counsel submitted an Affidavit of Attorney wherein he stated that he could not file a response to the Motions to Dismiss "because of demands related to my 20-year old daughter's health condition." (ECF No. 37-1 at 1 ¶ 4.) He further asked the court to "refrain [from] penalizing my clients for my conduct." (Id. at 2 ¶ 8.) However, three (3) months after the affidavit was filed, Plaintiffs' counsel did not seek leave to file a response to the Motions to Dismiss even after saying that "[a] portion of Plaintiffs['] Response to the motions to dismiss has been prepared and will be available for presentation or filing within the next two days." (Id. at 2 ¶ 7.) The court construed the Affidavit of Attorney as Plaintiffs' statement of their opposition to the Defendants' Motions to Dismiss.

of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." Id. at 313.

A.    Motions for Relief pursuant to Fed. R. Civ. P. 60(b)(3)

Under Fed. R. Civ. P. 60(b)(3), a district court can relieve a party from an adverse judgment due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Id. "[A] Rule 60(b)(3) motion will be granted if: (1) the moving party has a meritorious defense; (2) the misconduct is proved by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." Columbia Commc'n Corp. v. Echostar Satellite Corp., 2 F. App'x 360, 366 (4th Cir. 2001) (citing Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994)). In this regard, Fed. R. Civ. P. 60(b)(3) provides the court with an avenue for revisiting judgments that were obtained unfairly, not judgments which the moving party merely believes were erroneous. E.g., Schultz, 24 F.3d at 631.

B.    Motions for Relief pursuant to Fed. R. Civ. P. 60(b)(6)

Fed. R. Civ. P. 60(b)(6) allows the court to relieve a party from an adverse judgment for "any other reason that justifies relief," which provision has been described as a catch-all provision. See, e.g., Fuller v. Cartlidge, C/A No. 0:09-cv-01352-RBH, 2014 WL 607475, at *2 (D.S.C. Feb. 18, 2014). However, "[r]elief under Rule 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Wojcicki v. Aiken Technical College, C/A No. 1:06-cv-00461-MBS, 2012 WL 3596161, at *2 (D.S.C. Aug. 21, 2012) (quoting Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir. 1986)); see also Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004) ("[A]

motion under Rule 60(b)(6) may not be granted absent 'extraordinary circumstances.'") (citation omitted).   In addition to a showing of extraordinary circumstances, a party "must make a showing of timeliness, a meritorious defense, [and] a lack of unfair prejudice to the opposing party, . . . ."  Werner v. Carbo, 731 F.2d 204, 206–07 (4th Cir. 1984) (citation and internal footnote omitted).

## III.     ANALYSIS

A.     The Parties' Arguments

### 1. Plaintiffs

In their Motion for Rule 60 Relief, Plaintiffs assert that IMB's attorney committed fraud and/or misconduct by (1) representing to the court that Plaintiffs' breach of contract claim was governed by the 3-year statute of limitation in S.C. Code Ann. § 15-3-530(1) (2014)[3]  when he knew, at the time of filing IMB's Motion to Dismiss, that S.C. Code Ann. § 15-3-520(a) (2014)[4] and its 20-year window controlled Plaintiff's breach of contract claims (ECF No. 44 at 5–6); (2) knowingly engaging in the submission of false representations[5] to the court (id. at 10); and (3) misleading the court as to IMB's "business operations in South Carolina including its interest in real property in the State[]" to avoid the court's personal jurisdiction (id. at 22).  In support of their assertions, Plaintiffs filed 440 pages of exhibits allegedly demonstrating that Defendants "engaged in a series of reprehensible fabrications designed to deprive . . . [Plaintiffs] of their

---

[3] "Within three years: (1) an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520; . . . ."

[4] "Within twenty years: (a) an action upon a bond or other contract in writing secured by a mortgage of real property; . . . ."

[5] Plaintiffs identify the false representations as follows: "Plaintiffs' allegations regarding IMB HoldCo's involvement in the servicing of the mortgage lack factual support and must be disregarded.  (ECF No. 21-1, pages 10)[;] IMB HoldCo did not acquire Plaintiffs' loan through the Master Purchase Agreement and is not a party to, or the servicer of, Plaintiffs' mortgage. (ECF No. 21-1, pages 11-15); Not only Is IMB HoldCo not the servicer of Plaintiffs' loan, it also is not a party to either the SBAPA, by which OneWest agreed to continue the FDIC's modification program, or the Shared Loss Agreement.  (ECF No. 21-1, page 15[.])"

home." (Id. at 7.)  Moreover, Plaintiffs request a hearing "to offer testimony establishing the merits of its claims and to elicit testimony from then existing counsel for . . . [Defendants] relating to the decisions to proffer the positions expressed in their respective motions to dismiss." (ECF No. 47 at 2.)

    *2. Defendants*

    Defendants oppose Plaintiffs' Motion for Rule 60 Relief arguing that they "have not presented a single shred of factual evidence, and certainly not the required 'clear and convincing' evidence, establishing that either OneWest or IMB . . . engaged in misconduct." (ECF No. 46 at 2.)  In addition, Defendants argue that Plaintiffs' allegations do not establish that any alleged "misconduct prevented them from fully presenting their case." (Id. at 5, 12.)  In this regard, Defendants specify that Plaintiffs are not entitled to the requested relief because (1) "this Court correctly held, Plaintiffs' breach of contract claims asserted in this action are governed by the general statute of limitations for actions upon a contract set forth in S.C. Code § 15-3-530(1)" (ECF No. 46 at 9); and (2) "this Court cannot exercise jurisdiction over IMB . . . based on its status as a parent company to OneWest alone, and Plaintiffs' Motion fails to establish that they have any meritorious claim against IMB . . . which would warrant reversal of the Court's dismissal Order." (Id. at 13.)  Therefore, Defendants request that the court deny Plaintiffs' Motion for Rule 60 Relief in its entirety.

**B.**   <u>The Court's Review</u>

    Plaintiffs seek relief under Fed. R. Civ. P. 60(b)(3) and (6).  Upon review of Plaintiffs' Rule 60(b) arguments, the court finds that the grounds as stated, without more, are insufficient to warrant granting them relief from the August Order under subsections 3 or 6 of Fed. R. Civ. P. 60(b).  In this regard, the court is unable to conclude that Defendants committed misconduct that

prevented Plaintiffs from fully presenting their case or that extraordinary circumstances exist that warrant vacating the August Order.  The court is empathetic to Plaintiffs for the loss of their home, but their Motion for Rule 60 Relief is without merit and should be denied.

## IV.    CONCLUSION

For the reasons set forth above, the court hereby **DENIES** with prejudice Plaintiffs John C. Carrington and Deborah T. Carrington's Motion for Relief (ECF No. 44) pursuant to Fed. R. Civ. P. 60(b)(3) and (6) seeking relief from the court's Order (ECF No. 42) filed on August 27, 2014.  Plaintiffs' remaining pending Motion for Evidentiary Hearing (ECF No. 47) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

January 27, 2016
Columbia, South Carolina