# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| John C. Carrington and Deborah T. Carrington, ) ) ) Plaintiffs, ) ) v. ) ) Steven T. Mnuchin, IMB HoldCo, LLC, and ) OneWest Bank, FSB, ) ) Defendants. ) ) | Civil Action No. 5:13-cv-03422-JMC **ORDER AND OPINION** |

Plaintiffs John C. Carrington and Deborah T. Carrington (together "Plaintiffs") filed this action seeking damages from Defendants IMB HoldCo, LLC ("IMB"), OneWest Bank, FSB ("OneWest"), and Steven T. Mnuchin[1] ("Mnuchin") (collectively "Defendants") for their alleged failure to properly pay Plaintiffs' property taxes out of amounts held in escrow and to adequately evaluate Plaintiffs for a loan modification under the Home Affordable Modification Program ("HAMP"), 12 U.S.C. §§ 5219, 5219a, 1715z–23. (ECF Nos. 1, 16.) In their pleadings, Plaintiffs asserted a federal law claim against Defendants for violation of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2601–2617, and state law claims for breach of contract and a cause of action that Defendants construed as either a claim for fraud or for breach of contract accompanied by a fraudulent act.[2] (Id.)

This matter is before the court pursuant to Plaintiffs' Rule 59(e)[3] Motion (ECF No. 50) seeking to alter the court's Order (ECF No. 49) entered on January 27, 2016 (the "January

---

[1] Mnuchin is allegedly the CEO of IMB. (ECF No. 16 at 9 ¶ 35.)

[2] Plaintiffs' third cause of action appeared to state either a claim for breach of contract accompanied by a fraudulent act or a claim for fraud. (See ECF No. 16 at 22 ¶ 127–23 ¶ 129(c).) Specifically, Plaintiffs first alleged that Defendants deliberately, wantonly, and intentionally breached the Mortgage, and then set forth what Plaintiffs contended are three "deliberate acts of Fraud" committed by Defendants. (Id.)

[3] The court observes that "rule" refers to the Federal Rules of Civil Procedure.

Order"). In the January Order, the court denied with prejudice Plaintiffs' Rule 60(b) Motion for Relief (ECF No. 44) seeking relief from the court's Order (ECF No. 42) filed on August 27, 2014, and denied as moot Plaintiffs' Motion for Evidentiary Hearing (ECF No. 47).

For the reasons set forth below, the court **DENIES** Plaintiffs' Rule 59(e) Motion.

## I.     RELEVANT BACKGROUND TO PENDING MOTION[4]

On December 6, 2013, Plaintiffs commenced this action alleging causes of action against Defendants for violation of RESPA, breach of contract, and a claim for either fraud or breach of contract accompanied by a fraudulent act. (ECF No. 1.) On February 4, 2014, OneWest filed a Partial Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) and IMB filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(2) and (6). (ECF Nos. 9, 10.) In response to the Motions to Dismiss relating to the Complaint, Plaintiffs filed an Amended Complaint on February 28, 2014. (ECF No. 16.)

On March 27, 2014, IMB filed a Rule 12(b)(2) Motion and a Rule 12(b)(6) Motion and OneWest filed a Rule 12(b)(6) Motion as to the Amended Complaint. (ECF Nos. 22, 23.) Plaintiffs did not file a response in opposition to the Motions to Dismiss the Amended Complaint.[5] Thereafter, on August 27, 2014, the court entered an Order (ECF No. 42) dismissing Plaintiffs' claims against IMB for lack of personal jurisdiction, against OneWest for

---

[4] The Order entered by the court on August 27, 2014, contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference. (See ECF No. 42 at 2–5.)

[5] Plaintiffs' counsel submitted an Affidavit of Attorney wherein he stated that he could not file a response to the Motions to Dismiss "because of demands related to my 20-year old daughter's health condition." (ECF No. 37-1 at 1 ¶ 4.) He further asked the court to "refrain [from] penalizing my clients for my conduct." (Id. at 2 ¶ 8.) However, three (3) months after the affidavit was filed, Plaintiffs' counsel did not seek leave to file a response to the Motions to Dismiss even after saying that "[a] portion of Plaintiffs['] Response to the motions to dismiss has been prepared and will be available for presentation or filing within the next two days." (Id. at 2 ¶ 7.) The court construed the Affidavit of Attorney as Plaintiffs' statement of their opposition to Defendants' Motions to Dismiss.

failure to state a claim, and against Mnuchin for failure to serve within 120 days as required by Rule 4(m).  (ECF No. 42 at 20.)  The Clerk of Court entered the Judgment of Dismissal (ECF No. 43) for Defendants on August 27, 2014.

On August 26, 2015, Plaintiffs filed a Motion for Rule 60 Relief, asserting that subsections 3 and 6 of Rule 60(b) afforded them relief from the Order entered on August 27, 2014.  (ECF No. 44.)  In their Rule 60 Motion, Plaintiffs asserted that IMB's attorney committed fraud and/or misconduct by (1) representing to the court that Plaintiffs' breach of contract claim was governed by the 3-year statute of limitation in S.C. Code Ann. § 15-3-530(1) (2014)[6] when he knew, at the time of filing IMB's Motion to Dismiss, that S.C. Code Ann. § 15-3-520(a) (2014)[7] and its 20-year window controlled Plaintiffs' breach of contract claims (ECF No. 44 at 5–6); (2) knowingly engaging in the submission of false representations[8] to the court (id. at 10); and (3) misleading the court as to IMB's "business operations in South Carolina including its interest in real property in the State[]" to avoid the court's personal jurisdiction (id. at 22). Defendants filed a Memorandum of Law in Opposition to Plaintiffs' Rule 60(b) Motion for Relief (ECF No. 46) on September 14, 2015, to which Plaintiffs filed a Reply to Defendants' Opposition and a Request for Evidentiary Hearing (ECF No. 47) on September 24, 2015.  On January 27, 2016, the court entered the January Order denying Plaintiffs' Rule 60 Motion and Motion for Evidentiary Hearing.  (ECF No. 49 at 6.)

---

[6] "Within three years: (1) an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520; . . . ."

[7] "Within twenty years: (a) an action upon a bond or other contract in writing secured by a mortgage of real property; . . . ."

[8] Plaintiffs identified the false representations as follows: "Plaintiffs' allegations regarding IMB HoldCo's involvement in the servicing of the mortgage lack factual support and must be disregarded.  (ECF No. 21-1, pages 10)[;] IMB HoldCo did not acquire Plaintiffs' loan through the Master Purchase Agreement and is not a party to, or the servicer of, Plaintiffs' mortgage. (ECF No. 21-1, pages 11-15); Not only Is IMB HoldCo not the servicer of Plaintiffs' loan, it also is not a party to either the SBAPA, by which OneWest agreed to continue the FDIC's modification program, or the Shared Loss Agreement.  (ECF No. 21-1, page 15[.])"

On February 24, 2016, Plaintiffs filed the instant Rule 59(e) Motion. On March 14, 2016, Defendants filed a Memorandum of Law in Opposition to Plaintiffs' Rule 59(e) Motion, to which Plaintiffs filed a Reply to Defendants' Response on March 24, 2016. (ECF Nos. 51, 52.)

## II.     LEGAL STANDARD

The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). Loren Data Corp. v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012).

"[R]ule [59(e)] permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). However, Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor should they be used as opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, No. 1:06cv956 (JCC), 2007 WL 2021901, at *2 (E.D. Va. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and

4

such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403.

In their Motion, Plaintiffs do not rely on an intervening change in controlling law or refer to new evidence previously unavailable. Instead, they assert that the court committed a manifest injustice and/or clear error of law. Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); see also United States v. Martinez–Melgar, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); Miller v. Mercy Hosp., Inc., 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted). Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

### III.   ANALYSIS

A.   The Parties' Arguments

   *1. Plaintiffs*

In their Rule 59(e) Motion, Plaintiffs assert that the court committed error when it engaged in the following actions:

> (1) accepting as true, IMB Holdco's patently false factual assertions about allegations contained in Plaintiffs' amended complaint. A second error occurred when the Court failed to credit allegations included in Plaintiffs' amended complaint. The Court also committed error by resolving a factual dispute between the parties in favor of IMB HoldCo, the 12(b) movant. The Court also committed error by accepting as true counsel's representation that S.C. Code Section 15-3-530 was applicable to the mortgage agreement in issue when the Court in an earlier decision in Carrington v. Mortgage Electronic Registration Systems, 2013 WL 3477279, concluded that the exact same mortgage agreement between the exact same parties was governed by the provisions of the 20-year statute of limitations, S.C. Code Section 15-3-520.

(ECF No. 50-1 at 2.) Plaintiffs further assert that the court's error was compounded when it accepted as true and incorporated into the January Order false allegations by IMB's attorney that IMB "became a servicer of Plaintiffs' loan and a party to their Mortgage by executing a Master Purchase Agreement." (Id. at 6–10, 14–17.) Accordingly, Plaintiffs request that the court alter the January Order "to prevent manifest injustice." (Id. at 10.)

   2. *Defendants*

Defendants oppose Plaintiffs' Rule 59(e) Motion arguing that they failed "to provide this Court with any cognizable basis to alter or amend its January 27, 2016 Order." (ECF No. 51 at 2.) Specifically, Defendants argue that Plaintiffs' Motion is untimely because it "seeks alteration and reconsideration of the Court's August 27, 2010 Order and Judgment rather than its January 27, 2016 Order denying their Rule 60(b) Motion." (Id. at 4.) Additionally, Defendants argue that Plaintiffs did not base their Motion "on any of the three permissible grounds for a Rule 59(e) Motion" and they are trying to relitigate issues regarding alleged misconduct and the statute of limitations already decided by the court. (ECF No. 51 at 5.) Therefore, Defendants request that the court deny Plaintiffs' Rule 59(e) Motion in its entirety. (ECF No. 51 at 7.)

B.   The Court's Review

Plaintiffs seek relief under Rule 59(e). Upon review, the court observes that Plaintiffs' assertions as to clear error and manifest injustice are not attributable to the January Order. In this

regard, the court agrees with Defendants that Plaintiffs' complaints are entirely focused on their disagreements with the court's findings in its August 27, 2014 Order. Since Plaintiffs' problems are clearly with the August 27, 2014 Order and not the January 27, 2016 Order, they needed to have filed a Rule 59(e) Motion within 28 days from the entry date of the August 27, 2014 Order. Id. ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Of further concern is that Plaintiffs' arguments appear to be the same or similar to the arguments previously presented in their Rule 60 Motion. (Compare ECF No. 44 at 5–6, 10 & 22 with ECF No. 50-1 at 2.) The court is not persuaded by these rehashed arguments that it has committed a clear error of law or that a manifest injustice has occurred. Therefore, because Plaintiffs have failed to provide any grounds entitling them to relief from the January Order under Rule 59(e), the court finds that Plaintiffs' Motion is without merit and should be denied.

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **DENIES** with prejudice Plaintiffs John C. Carrington and Deborah T. Carrington's Rule 59(e) Motion. (ECF No. 50.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 14, 2016
Columbia, South Carolina

7